

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A.E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-3029
Re: Should fees delinquent more than
one year be paid to Mr. Hoke under
the circumstances set forth?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"Attached hereto is copy of correspondence I have recently had with the tax assessor-collector of Montgomery County with reference to paying delinquent fees to officers whose office has terminated.

"I am attaching also letter from the tax assessor-collector quoting his authority for the payment of fees to Mr. I.D. Hoke who has been out of office for a number of years. He cited the case of Simonton vs. Hoke and the case seems to be reported in Volume 46 S.W. (2nd) 1013.

"Your opinion No. O-1448, addressed to the County Auditor of Hutchinson County, is very positive with reference to the payment of delinquent fees to officers who have been out of office one year.

"Please advise whether these fees should be paid to Mr. Hoke in the future."

Article 3892, Vernon's Annotated Civil Statutes, as enacted in 1907, read as follows:

"Any officer mentioned in Article 3883, who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain,

when collected, such part of such delinquent fees
as is sufficient to complete the maximum compensa-
tion for the year in which delinquent fees are
charged, and also retain one-fourth of the excess
fees belonging to him, and the remainder of the de-
linquent fees for the fiscal year shall be paid as
herein provided for when collected,"

Article 3892, Vernon's Annotated Civil Statutes, as
amended by the Forty-first Legislature, 1930, Fourth Called
Session, page 30, Chapter 20, Section 4, reads as follows:

"Any officer mentioned in this Chapter who
does not collect the maximum amount of his fees
for any fiscal year and who reports delinquent
fees for that year, shall be entitled to retain,
when collected, such part of such delinquent fees
as is sufficient to complete the maximum compen-
sation authorized by Articles 3883, 3883a, and
3886 for the year in which delinquent fees were
charged, and also retain the amount of excess fees
authorized by law, and the remainder of the delin-
quent fees for that fiscal year shall be paid as
herein provided for when collected; provided, the
provisions of this Article shall not apply to any
officer after one year from the date he ceases to
hold the office to which any delinquent fee is due,
and in the event the officer earning the fees that
are delinquent has not collected the same within
twleve months after he ceases to hold the office,
the amount of fees collected shall be paid into
the county treasury. Provided, however, that noth-
ing in this Act precludes the payment of ex-officio
fees in accordance with Title 61 of the Revised
Civil Statutes of Texas, 1925, as part of the maxi-
mum compensation. Provided, that any change made
in this Article by this Act shall not apply to
fees heretofore earned."

Article 3891, Vernon's Annotated Civil Statutes, reads
as follows, in part:

"....

"All current fees earned and collected by
officers named in Article 3883 during any fiscal
year in excess of the maximum and excess allowed

by this Act, and for their services and for the services of their deputies and assistants and authorized expenses, together with all delinquent fees collected and not used as provided in Article 3892, or used to pay salaries of deputies and assistants when current fees are insufficient, shall be paid into the County Treasury in the county where these excesses accrue.

"All fees due and not collected, as shown in the report required by Article 3897, shall be collected by the officer to whose office the fees accrued and shall be disposed of by said officer in accordance with the provisions of this Act..."

Article 3892, as amended by the Forty-first Legislature, became effective January 1, 1931.

In our Opinion No. O-1448, we held that:

"The officer whose term of office has terminated is not authorized to collect delinquent fees earned by him while in office, but that his successor in office shall collect such delinquent fees and pay them to his predecessor, the retiring officer, provided such delinquent fees are collected within one year after the retiring officer has gone out of office and such retiring officer shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized."

Said opinion applies to delinquent fees earned subsequent to the effective date of Article 3892, as amended, which was January 1, 1931. Said statute specifically provides that any change made in this article by this act shall not apply to fees heretofore earned.

We have carefully considered the case of Hoke et al vs. Simonton, 46 S.W. 2nd 1013, mentioned in your inquiry. "This suit was brought by appellee, a former tax collector of Montgomery County against I.D. Hoke, his successor, who duly qualified as such in 1924, again in 1926, and again in 1928, and the sureties upon each of Hoke's official bonds for his several terms of office. The purpose of the suit was to recover fees of

office earned by Simonton while he was in office, but collected by Hoke as his successor."

For the purposes of this opinion we assume that you have reference to the fees earned by Mr. Hoke, but not collected by him during his three terms of office, prior to January 1, 1931. There is nothing in your letter or in the above mentioned case which indicates that Mr. Hoke held said office since that time.

Article 3892, as enacted in 1907, and Article 3900 were in force and effect during the time Mr. Hoke was in office and he would be entitled to retain, when collected, all delinquent fees earned by him, although such fees have been collected or may be collected after the effective date of Article 3892, as amended, and the repeal of Article 3900. However, if Mr. Hoke has been in office since the effective date of Article 3892, as amended by the Forty-first Legislature, with reference to all delinquent fees earned and collected since said date, our Opinion No. O-1448 is applicable.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JAN 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

